# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| DEREK MCCAULEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:14-cv-00260-TWP-DML |
| | ) |
| US NATIONAL BANK ASSOCIATION as | ) |
| trustee for Structure Asset Securities | ) |
| Corporation Trust 2006-RF4, commonly | ) |
| known as Wells Fargo Bank, N.A., | ) |
| MORTGAGE ELECTRONIC | ) |
| REGISTRATION SYSTEMS (MERS), | ) |
| TRANSCONTINENTAL TITLE COMPANY, | ) |
| UNTERBERG AND ASSOCIATES, PC, | ) |
| GOODIN ABERNATHY, LLP, | ) |
| PETERS AND STEEL, LLC, | ) |
| DISCOVER PROPERTIES, LLC, | ) |
| BLTREJV3, INDIANAPOLIS LLC, | ) |
| PHILIP H. HERMAN, | ) |
| MARY SMITH, | ) |
| UNKNOWN OWNERS, | ) |
| WELLS FARGO BANK N.A., | ) |
| | ) |
| Defendants. | ) |

## ENTRY ON MOTION TO REMAND

This matter is before the Court on the Motion to Remand and Award of Attorneys' Fees (Dkt. 5) filed by Defendants, US National Bank Association, as Trustee for Structured Asset Securities Corporation Trust 2006-R-F4, commonly known as Wells Fargo Home Mortgage ("Wells Fargo"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and Unterberg and Associates P.C. ("Unterberg") (collectively, "Defendants"). Additionally Unterberg has filed a Motion for Leave to File Supplemental Authority (Dkt. 16). Plaintiff, Derek Steven McCauley ("Mr. McCauley"), commenced this action by filing a Complaint in the Marion Superior Court against the Defendants. In a rather unusual action, Mr. McCauley later removed his case to

federal court; which triggered Defendants' filing of the motions pending before the Court. For the reasons set forth below, the Defendants' Motions are **GRANTED**.

## I. BACKGROUND

On October 14, 2013, Mr. McCauley filed a Complaint in the Marion Superior Court seeking quiet title and other relief for damages he suffered from a foreclosure action, brought in the Marion Superior Court by the Trustee in Cause No. 49D12-1004-MF-019634 and captioned *US Bank National Association, as Trustee for Structured Asset Securities Corporation Trust 2006-RF4 v. Derek McCauley et al.* (Filing No. 6, at ECF p. 2). The state court judge ruled in favor of the Trustee and ordered that the real property in question be sold and that Mr. McCauley pay the Trustee $178,341.00, in addition to post-judgment interest. Mr. McCauley appealed this decision and his appeal was denied on February 14, 2011. On July 17, 2013, the real property was sold to BLTREJV3 Indianapolis, LLC at a sheriff's sale.

On February 21, 2014, approximately five months after he commenced this action, and on the same date as a hearing in Marion Superior Court 13 on Defendants' motion to dismiss the Complaint, Mr. McCauley filed a Notice of Removal to the United States District Court for the Southern District of Indiana. Defendants "timely filed a Motion to Remand pursuant to 28 U.S.C.A § 1447(c), alleging a fatal procedural defect." (Filing No. 6, at ECF p. 2).

## II. DISCUSSION

As an initial matter, Unterberg's Motion for Leave to File Supplemental Authority in Support of its Notice of Joinder on the Motion to Remand and for Award of Attorneys' Fees. (Dkt. 16) is **GRANTED**. Mr. McCauley has not objected or otherwise responded to the motion and the supplemental authority is relevant to the issues before the Court. The Court will discuss the remaining issues in turn.

1.     **The Motion to Remand**

Mr. McCauley alleges that removal of this case to federal court is proper on the grounds that his claim asserts a federal question, and that he has complied with procedural requirements, pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446. Defendants argue that a plaintiff cannot remove his own case to federal court, Mr. McCauley failed to meet the strict 30 day deadline set forth in §1446(b), and that the Defendants are presumptively entitled to an award of attorney's fees and costs.[1]

A number of procedural defects make Mr. McCauley's purported removal improper. First, Mr. McCauley argues that this case can be removed as the federal court has original jurisdiction because his claims involve federal statutes. While it is true that Mr. McCauley could have originally filed his case in federal court on this basis, he instead chose to file his claims in state court. Mr. McCauley now seeks to have his case heard in federal court and references several statutes in support of removal; however, none of the statutes indicate that a plaintiff has the authority to remove his own case. Rather, § 1441 states, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the *defendant* or the *defendants*." 28 U.S.C. §1441 (emphasis added). Section 1446 outlines the procedures with which the "defendant or defendants desiring to remove any civil action from a State court" must comply. 28 U.S.C. §1446. Nowhere do the statutes vest authority in the plaintiff for removal.

Second, Defendants argue that Mr. McCauley is not in compliance with the § 1446 deadline and procedures for removal. Section 1446(b)(2)(B) provides that notice of removal

---

[1] Defendants also argue that the Rooker-Feldman doctrine prohibits the Court from exercising subject matter jurisdiction in this case. *See Kelley v. Med-I Solutions, LLC*, 548 F.3d 600, 603 (7th Cir. 2008), *District of Columbia Ct. of App. v. Feldman*, 460 U.S. 462 (1983). However, the Court need not address the merits of this argument due to the procedural deficiencies addressed below.

must be filed within thirty days after the defendant receives a copy of the proceeding. Here, Mr. McCauley filed his Complaint in October of 2013, and filed a notice of removal in February of 2014. Even if Mr. McCauley did have the authority to file a notice of removal, this case is far past the deadline for removal set forth in § 1446.

Additionally, § 1446(b)(2)(A) states, "when a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). Section 1446(d) requires that after filing a notice of removal, "all adverse parties" shall be given notice. 28 U.S.C. §1446(d). Here, only Defendants Wells Fargo, Unterberg, and MERS have been served with the notice of removal (Filing No. 1-1, at ECF p. 2). Defendants Transcontinental Title Co.; Peters and Steel, LLC; Discover Properties, LLC; BLTREJV3 Indianapolis, LLC; Phillip H. Herman; Mary Smith; and "Unknown Owners," have not been served with the notice of removal. The Seventh Circuit has held that, "a petition filed by less than all of the named defendants is considered defective if it fails to contain an explanation for the absence of co-defendants." *Illinois Gas Co. v. Airco Indus. Gases, A Division Of Airco, Inc.*, 676 F.2d 270, 273 (7th Cir. 1982) (citations omitted). Mr. McCauley did not include any explanation as to why he did not include or provide notice to the other defendants in this case.

Accordingly, given Mr. McCauley's status as a plaintiff, the untimeliness of the removal, and the failure to notify and join all defendants, removal of his case to federal court is improper, and the case must be remanded.

**2.   Attorneys' Fees**

Defendants have requested an award of attorneys' fees for the cost of the improper removal. Section 1447 states that, "an order remanding the case may require payment of just

costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. §1447. Additionally, the Supreme Court has held that, "absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). This Court takes into consideration that Mr. McCauley is litigating *pro se*, and therefore may not be familiar with all of the procedural requirements of litigation. However, the Seventh Circuit has held that, "attorney's fees may be awarded to a prevailing defendant in a frivolous action . . . even where the litigants are pro se." *Pryzina v. Ley*, 813 F.2d 821 (1987) (citations omitted); *see also Pearle Vision v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008) ("[P]ro se litigants are not excused from compliance with procedural rules.") (citing *McNeil v. U.S.*, 508 U.S. 106, 113 (1993)). Here, Mr. McCauley violated multiple procedural requirements and made a gross error in requesting that the case be removed to the District Court. Therefore, even considering Mr. McCauley's status as a *pro se* litigant, it is proper to award the Defendants attorneys' fees incurred as a result of the improper removal.

### III. CONCLUSION

For the foregoing reasons, Unterberg's Motion for Leave to File Supplemental Authority (Dkt. 16) and Defendants' Motion to Remand and for Award of Attorneys' Fees. (Dkt. 5) are **GRANTED**. This case is **REMANDED** to the Marion Superior Court.

Defendants are ordered to file an accounting of the reasonable attorneys' fees incurred as a result of this removal action within fourteen (14) days of the date of this Entry.

**SO ORDERED.**

Date: 07/07/2014

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Derek McCauley
P.O. Box 29361
Indianapolis, Indiana 46229

Carl Anthony Greci
FAEGRE BAKER DANIELS
carl.greci@faegrebd.com

Louis T. Perry
FAEGRE BAKER DANIELS LLP - Indianapolis
louis.perry@faegrebd.com

Karl G Popowics
GOODIN ABERNATHY LLP
kpopowics@goodinabernathy.com

Peter A. Velde
KIGHTLINGER & GRAY
pvelde@k-glaw.com